Clement & Murphy PLLC

September 1, 2026

**<u>Via ACMS</u>**

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

Re: *Harris, et al. v. City of Los Angeles, et al.*, No. 25-5029

Dear Ms. Dwyer:

The City of Los Angeles claims that the California Supreme Court's decision to grant review in *Apartment Ass'n of Los Angeles County v. City of Los Angeles* (*AALAC*), 2026 WL 2526685 (Cal. Aug. 26, 2026), is "relevant to this Court's evaluation of Appellants' taking challenge" against the City's "Fair Market Rent Eviction Restriction" (FMR Eviction Restriction). LA.28(j).1; *see* L.A. Mun. Code §151.09.A.1. But the City does not explain why. To the extent that the City is suggesting that the outcome in *AALAC* could moot Appellants' takings challenge against the FMR Eviction Restriction, that is incorrect. *AALAC* will consider only whether a California state statute preempts the FMR Eviction Restriction. Even if the California Supreme Court answers that question in the affirmative, Appellants' takings challenge against the FMR Eviction Restriction will still require adjudication by this Court. Appellants seek damages for the uncompensated takings already effected by the FMR Eviction Restriction, *see* ER-99.¶a, and even the repeal of a challenged law cannot moot a claim for damages, *see, e.g.*, *Outdoor Media Grp. v. City of Beaumont*, 506 F.3d 895, 902 (9th Cir. 2007).

Because Appellants' takings challenge against the FMR Eviction Restriction will remain live regardless of the outcome in *AALAC*—and because Appellants raise multiple other constitutional claims unrelated to the FMR Eviction Restriction as well—Appellants respectfully request that the Court proceed expeditiously with oral argument and a decision.

Respectfully submitted,

s/Paul D. Clement
Paul D. Clement
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

cc: All counsel of record (*via ACMS*)